**SO ORDERED.**

**SIGNED October 28, 2005.**



_____
GERALD H. SCHIFF
UNITED STATES BANKRUPTCY JUDGE

_____

```
              UNITED STATES BANKRUPTCY COURT
              WESTERN DISTRICT OF LOUISIANA
              LAFAYETTE-OPELOUSAS DIVISION


IN RE:

EDISON LOUIS MIER and                        CASE NO. 05-51655
GEORGIA MELANCON MIER,

    Debtors                                  Chapter 7
```

-------------------------------------------------------------------
                         MEMORANDUM RULING
-------------------------------------------------------------------

Edison Louis Mier and Georgia Melancon Mier ("Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on June 23, 2005, and on that day an order for relief was duly entered. Elizabeth Andrus ("Trustee") is the duly appointed, qualified and acting trustee.

Prior to the Petition Date, Mr. Mier received the sum of $40,000 in settlement of his claim under the Louisiana Workers' Compensation Law, LSA-R.S. 23:1021, et seq. On the Petition Date,

the Debtors had on hand the sum of $3,200.00, which, for the purpose of this decision, is presumed to be the balance of the settlement proceeds. The Debtors claimed these funds to be exempt pursuant to the provisions of LSA-R.S. 23:1205A.

The Trustee filed a timely objection to the claimed exemption. A hearing on the objection was held on September 20, 2005. After hearing from counsel, the court took the matter under advisement.

As Louisiana is an "opt out" state, debtors who file for relief under the Bankruptcy Code in Louisiana are allowed to claim only those exemptions allowed by Louisiana law and non-bankruptcy federal law. <u>See</u> 11 U.S.C. § 522(b), and LSA-R.S. 13:3881(B)(1). Further, the Supreme Court has determined that the law of the opt out state determines the scope of the exemption. <u>Owen v. Owen</u>, 500 U.S. 305, 111 S.Ct. 1833 (1991).

The Louisiana legislature has provided an exemption with respect to workers' compensation benefits. The exemption is contained in LSA-R.S. 23:1205A, and provides in relevant part:

> A. <u>Claims or payments due</u> under this Chapter . . . shall be exempt from all claims of creditors and from levy or execution or attachment or garnishment, except under a judgment for alimony in favor of a wife, or an ascendant or descendant. (Emphasis added.)

The Debtors contend that the balance of the settlement proceeds on hand on the Petition Date constitute "claims or proceeds due" and, therefore, come within the definition of the

2

statute. The court, however, disagrees. While counsel for the Debtor makes out a strong equitable case for allowance of the exemption, the case law interpreting section 1205A is well-settled that such funds are not entitled to the statutory protection.

The facts in <u>Hawthorn v. Davis</u>, 140 So. 56 (La. App. 1st Cir. 1932), the seminal decision under section 1205A, are not that dissimilar to the instant case. Mr. Davis received $925 in payment of a judgment obtained in compensation for injuries. These funds were deposited in his bank account; this account contained no other funds and were never commingled with other funds. Mr. Hawthorn, a judgment creditor of Mr. Davis, sought to garnish the bank account. Mr. Davis claimed the statutory exemption protected the money in the account.

The court first examined the language of the statute, making the following observation:

> It is therefore evident from the wording of that section of the statute that the exemption thus created has no reference whatsoever to money collected or received by the employee in compensation under the provisions of the act. . . .

140 So. at 56. Further the court indicated;

> . . . we have been unable to find in the general provisions of the act the slightest indication that the purpose of the exemption was to cover or include any money which had been paid the employee in satisfaction of "claims or payments due."

140 So. at 56.

The United States Supreme Court has directed lower courts to apply the "plain meaning" of unambiguous statutes. <u>United States v. Ron Pair Enterprises, Inc.</u>, 489 U.S. 235 (1989). This is the exact principle of statutory construction followed by the court in <u>Hawthorn v. Davis</u>:

> . . . if we were to extend the exemption to money or funds collected by the employee, it could not be done under a judicial construction or interpretation of the act. In order to effect that purpose, we would have to add some words to [the exemption provision], so as also to include an exemption of fund or money realized by the employee. This could not be effected by construction or interpretation, but could result only from an additional enactment to that section, thus extending the exemption to money collected and deposited in bank.

140 So. at 56-57.

A review of Louisiana cases subsequent to 1932 fails to reveal any decision at odds with the pronouncements of <u>Hawthorn v. Davis</u>. The decision, however, was favorably cited in <u>LeBleu v. Deshotel</u>, 628 So.2d 1227, 1229 (La. App. 3rd Cir. 1993).

Further, in a very recent decision, the Fifth Circuit relied in part upon the rationale of <u>Hawthorn v. Davis</u> in deciding an exemption case. <u>Matter of Sinclair</u>, 417 F.3d 527 (5th Cir. 2005). Mr. Sinclair's wages were direct-deposited into his checking account. He filed chapter 7 and claimed 75% of those wages as exempt under the Louisiana general exemption law, LSA-R.S. 13:3881. In reversing the decision of the bankruptcy court, both the

4

district and circuit held that the funds in the debtor's checking account were not protected by the statute.

Finally, the language of section 1205A has not been altered in the 73 years since the decision in <u>Hawthorn v. Davis</u>.  Where the lawgivers of Louisiana did not chose to reverse the effect of that decision, it is not the role of this court to do so.

Accordingly, for the foregoing reasons, the court holds that the Trustee's objection to the Debtors' claim of exemption to the settlement proceeds is well-founded and is to be sustained.  The Trustee is directed to submit a proposed order in conformity with the foregoing reasons.

IT IS SO ORDERED.

###